George D. Stibr, J.
This action brought by the City of New York for an injunction restraining the defendants from maintaining advertising signs on property adjacent to Sunrise Highway was tried by the court without a jury.
The defendants Anna M. Seel and Leonard Miller were and are now the owners of vacant lands located on the south side of Sunrise Highway, between 247th Street and Hook Creek Boulevard, in the County of Queens.
In 1939 a permit had been issued for the erection of signs upon the defendants’ property, without specification as to the exact location on the said property. Four signs were erected thereon prior to 1940 within 200 feet of Sunrise Highway, pursuant to a lease between the owners of the property and the predecessor in interest of the Van Wagner Advertising Corporation.
Condemnation proceedings for the widening of Sunrise Highway were commenced in 1954. Subsequently in 1955, when the amount of the property to be condemned was ascertained, the defendant Van Wagner Advertising Corporation proceeded to relocate its signs upon the remaining portion of the property owned by defendants Anna M. Seel and Leonard Miller, but within 200 feet of Sunrise Highway as widened. The City of New York filed a violation and, the signs not having been removed, thereafter instituted an action in the Magistrates’ Courts which resulted in a dismissal of the complaint. The instant action was then instituted to compel the defendants to remove the said signs on the grounds that they allegedly violate section 21-B of the Zoning Resolution of the City of New York.
Section 21-B of the Zoning Resolution provides as follows: “Additional Advertising Sign Restrictions. No advertising sign shall hereafter be erected, placed or painted, nor shall any existing advertising sign be structurally altered, in any use *843 district within 200 feet of an arterial highway shown as a ‘ principal route,’ 1 parkway ’ or ‘ toll crossing ’ on the ‘ Master Plan of Arterial Highways and Major Streets, ’ provided such arterial highway has been designated by the City Planning Commission as an arterial highway to which the provisions of this section shall apply, or within 200 feet of a public park of one-half acre or more in area, if such advertising sign is within view of such arterial highway or park.”
The complaint in this action charges the defendants with violation of that section in that the defendants “ erected or caused to be erected ’ ’ the advertising signs in violation of section 21-B of the Zoning Resolution. The complaint does not charge the defendants with having “ structurally altered” the advertising signs.
The defendants contend that they have not “ erected ” any advertising signs in violation of section 21-B as alleged in the complaint, but merely relocated the said signs on the said property, and that subdivision (b) of section 6 of the Zoning Resolution expressly exempts them from the provisions of section 21-B of the said resolution.
Subdivision (b) of section 6 of the Zoning Resolution provides as follows: “Any use existing* in any building or premises lawfully established subsequent to July 25, 1916, and not conforming to the regulations of the use district in which it is maintained, may be continued therein, except as provided in § 21-A or in § 21-D. ’ ’
The evidence in this case establishes that the defendants did not ‘ ‘ erect ’ ’ but only relocated the existing signs and in so doing partially dismantled and then reconstructed them, using the same materials, except for the replacement of some “ two by fours ” which had become rotted. The permit under which the signs were originally erected not having specified any particular portion of the property where said signs were to be placed, and they having been erected prior to the passage of section 21-B of the Zoning Resolution come within the exception contained in subdivision (b) of section 6 thereof. The plaintiffs have therefore failed to prove that the defendants “ erected ” the advertising signs in violation of section 21-B of the Zoning Resolution, as alleged in its complaint, and the defendants’ motion to dismiss the complaint on the merits is accordingly granted.
The defendants’ motion to dismiss the complaint on the ground that the proceedings in the Magistrates’ Courts are res judicata and binding upon this court are denied. In the case at bar there *844 was a dismissal of the complaint in the Magistrates’ Courts; a different situation would have been presented had there been a conviction. (Giessler v. Accurate Brass Co., 271 App. Div. 980, appeal dismissed 296 N. Y. 1003.)
Submit judgment on notice.