964

■ CITY OF NEW YORK, Appellant, v. ANNA M. SEEL et al., Respondents.— In an action to compel the removal of advertising signs located within 200 feet of an arterial highway in the City of New York, the appeal is from a judgment entered after trial dismissing the complaint on the merits. Judgment reversed upon the law, with costs, and judgment granted in favor of appellant directing respondents' to remove the signs within 60 days after the service of a copy of the judgment to be entered on the order hereon, and enjoining respondents from maintaining such signs after said 60-day period. The findings of fact are affirmed. The erection of the advertising signs at a location within 200 feet of an arterial highway, as designated by the City Planning Commission of the City of New York, constitutes a violation of section 21-B of the Zoning Resolution of the City of New York, adopted June 28, 1940. Nolan, P. J., Wenzel and Ughetta, JJ., concur; Beldock and Hallinan, JJ., dissent and vote to affirm, with the following memorandum: If these signs had been originally erected in the place where they are now located, there is no question that there could be no legal objection thereto. In our opinion, the relocation of these signs on the same property for which the permits were originally issued was not an erection or *structural* alteration in violation of section 21-B of the zoning resolution. The fact that the relocation of the structure was done piecemeal and not by moving the entire structure at once should make no difference. [12 Misc 2d 841.]

■ EMORY COOK, Appellant, v. MILDRED E. COOK, by Her Special Guardian ad Litem ANTHONY SCOTTO, Respondent. DIRECTOR OF BROOKLYN STATE HOSPITAL, Respondent.— In an action to annul a marriage, the appeal is from so much of an order as (1) denied in part appellant's motion to examine before trial, as a witness, the mother of respondent Cook, (2) denied his motion to examine before trial, as an adverse party, the said respondent, who is alleged to be of unsound mind and an inmate of the Brooklyn State Hospital, and (3) denied his motion for a psychiatric examination of said respondent to be made by a physician selected by appellant or in the alternative by a named psychiatrist attached to the Brooklyn State Hospital. The order appealed from provides as a condition for denying the psychiatric examination that respondent Cook, within 10 days after the entry of the order, be permitted to file a stipulation pursuant to section 354 of the Civil Practice Act waiving for the purpose of this action her statutory privileges under section 352 of the Civil Practice Act with respect to all physicians and psychiatrists who may have treated or attended her prior to the commencement of this action, and in the event that such stipulation be not filed to grant a psychiatric examination by a physician to be appointed by the court. Order modified by striking therefrom the words "within ten days after the entry of the order hereon defendant" and "in the event the defendant" and by substituting therefor the words "the special guardian ad litem for the defendant" and "in the event the special guardian ad litem" respectively. As so modified, order insofar as appealed from affirmed, without costs. The stipulation is to be filed, if the special guardian ad litem be so advised, within 20 days after the entry of the order hereon. It is our opinion that under all the circumstances the Special Term properly exercised its discretion in refusing to subject respondent Cook to an examination before trial at appellant's instance and in permitting her to be examined by a psychiatrist to be appointed by the court in the event the stipulation be not filed. In view of her alleged mental condition, however, the proper person to file such stipulation would be the special guardian ad litem. Whether or not he should file such stipulation is, of course, a question for him to decide in the exercise of his discretion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.